JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 24-2178 PA | Date | November 26, 2024 |
|---|---|---|---|
| Title | In re AB Capital LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

On October 8, appellant The Joshua K. Pukini Trust, appearing pro se ("Appellant"), filed a Notice of Appeal challenging an Order Approving Settlement issued by the bankruptcy court judge in an adversary proceeding brought by Heritage One, LLC, Jeffrey B. Panosian and Claire B. Panosian against the bankruptcy estate. (Docket No. 1).

Because the Local Rules prohibit organizations or entities from representing themselves, the Court issued an Order to Show Cause in writing why this appeal should not be dismissed without prejudice. (Docket No. 6.) Appellant's response to this Order to Show Cause was due no later than November 15, 2024. In the Order to Show Cause, the Court specifically warned Appellant that failure to adequately respond by November 15, 2024, "may result in the dismissal of this appeal without further warning." (Id.) To date, Appellant has not responded to the Court's Order to Show Cause.

Moreover, the Court's Notice Regarding Appeal from Bankruptcy Court, (Docket No. 3), cautioned the parties that they must comply with all applicable rules of the Federal Rules of Bankruptcy Procedure, and that, as provided in those Rules, Appellant was required, within 14 days of filing the Notice of Appeal, to file with the Clerk of the Bankruptcy Court: (1) a designation of record; (2) a statement of issues on appeal; and (3) a notice regarding the ordering of transcripts. The Notice Regarding Appeal from Bankruptcy Court warns the parties that the "failure of either party to comply with the time requirements as stated in this notice and applicable rules may result in the dismissal of the appeal or the right to oppose the appeal." (Id.)

Appellant did not timely file the required documents. On October 31 2024, the Court issued an Order to Show Cause regarding Appellant's failure to comply with the Notice Regarding Appeal from Bankruptcy Court, and warned Appellant that failure to file a response to the Order to Show Cause by November 20, 2024 might result in dismissal of the appeal or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2178 PA | Date | November 26, 2024 |
|---|---|---|---|
| Title | In re AB Capital LLC | | |

other sanctions.  (Docket No. 8.)  To date, Appellant has not filed a response to the Court's Order to Show Cause, or filed the designation of record, statement of issues on appeal or a notice of ordering transcripts.  On November 25, 2024 appellees Heritage One LLC, Jeffrey B. Panosian, and Claire B. Panosian (plaintiffs in the underlying adversary proceeding) and Richard Marshack in his capacity as the Chapter 7 trustee ("Trustee") (and defendant in the underlying bankruptcy proceeding) filed a response to the Court's Order to Show Cause, requesting that the Court dismiss the appeal based on Appellant's failures to comply with the Federal Rules of Bankruptcy Procedure, present a proper record on appeal, prosecute this action and comply with the Court's orders.  (Docket No. 9.)

It is well-established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or abide by clear orders of the Court.  See, e.g., Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629–30 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts).

In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Id. at 1423.  Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor.  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).  Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal."  Id. (citing Ferdik, 963 F.2d at 1263).

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (public's interest in expeditious resolution of litigation always favors dismissal)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  See id.

The third Henderson factor at least marginally favors dismissal.  Appellee may be further prejudiced unless the appeal is dismissed.  See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642 (holding that failing to timely amend risks prejudice and can justify dismissal).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2178 PA | Date | November 26, 2024 |
|---|---|---|---|
| Title | In re AB Capital LLC | | |

    In considering the fourth and fifth Henderson factors, the Court notes that despite the Court's warnings that failure to timely respond to its Orders to Show Cause could result in dismissal, Appellant did not respond to either order to show cause. Nor did Appellant file the documents required to prosecute its appeal. Additionally, the Court intends to dismiss this action without prejudice. Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (district court should first consider less-drastic alternatives to dismissal with prejudice).

    Taking all of the above factors into account, dismissal is appropriate. The Court therefore dismisses this appeal without prejudice. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

    **IT IS SO ORDERED.**